## 9739

### OWENS v. ATLANTIC COAST LUMBER CORP.

#### (93 S. E. 7.)

ACTION—JOINDER—CONTRACT AND TORT.—Where the references in the complaint to the contract were for the purpose of showing the relation between the parties out of which the tort arose, it contained only one cause of action based on tort.

Before SEASE, J., Georgetown, April, 1916. Reversed.

Action by Julius Owens, as administrator of the estate of Flora Owens, deceased, against the Atlantic Coast Lumber Corporation. From an order requiring plaintiff to amend his complaint, he appeals.

*Mr. Capers G. Barr,* for appellant, cites: *As to nature of action:* Civil Code, sec. 3955. *Contract only shows relationship between parties, and was collateral to cause of action:* 70 S. C. 875; 81 S. C. 317; 66 S. C. 124. *Administrator's right of action:* 21 S. C. 541; 33 S. C. 556.

*Messrs. LeGrand G. Walker* and *M. W. Pyatt,* for respondents, cite: *As to torts:* 70 S. C. 117, 118; 38 Cyc. 426, 427; 22 A. & E. Enc. of L. (2d ed.) 255; 11 L. R. A. (N. S.) 506. *Joinder of action ex delicto:* Code Civ. Proc., secs. 216 and 218; 64 S. C. 113 and 494.

July 7, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order requiring the plaintiff to amend his complaint, by alleging two separate and distinct causes of action, on the ground that it contains two blended causes of action, one for a breach of contract, and the other for a tort.

The plaintiff very properly contended that the complaint contained only one cause of action, and that it was based on tort.

The references in the complaint to the contract were for the purpose of showing the relation between the parties out of which the tort arose.

Reversed.